IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30250
Summary Calendar
_____

STEPHEN A. KLAIMON

        Plaintiff - Appellant

   versus

CIGNA COMPANIES, ET AL

        Defendants

INSURANCE COMPANY OF NORTH AMERICA

        Defendant - Appellee

- - - - - - - - - - - - - - - - - - - - - - -

STEPHEN A. KLAIMON

        Plaintiff - Appellant

   versus

INSURANCE COMPANY OF NORTH AMERICA

        Defendant - Appellee

_____

No. 97-30375
Summary Calendar
_____

STEPHEN A. KLAIMON

        Plaintiff - Appellant

   versus

CIGNA COMPANIES, ET AL

                 Defendants

INSURANCE COMPANY OF NORTH AMERICA

               Defendant - Appellee

- - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN A. KLAIMON

                  Plaintiff - Appellant

     versus

INSURANCE COMPANY OF NORTH AMERICA

               Defendant - Appellee

_____

        Appeals from the United States District Court
           for the Eastern District of Louisiana
               (95-CV-3597-J & 96-CV-3457-J)
_____
                 February 19, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Stephen A. Klaimon appeals from summary judgment orders
entered against him on his Title VII and negligent and intentional
infliction of emotional distress claims, as well as from an adverse
jury verdict on a defamation claim.  We affirm.

     The district court properly entered summary judgment against
Klaimon on his Title VII claim.  As we have long stressed, the

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

                            2

filing of a charge with the EEOC is a prerequisite to instituting a Title VII action in federal court. See National Ass'n of Govern. Emp. v. City Pub. Serv. Bd., 40 F.3d 698, 711 (5th Cir. 1994). Klaimon makes conclusory allegations that he pursued relief administratively, yet he produced no record evidence to that effect. Nor has he demonstrated an equitable entitlement to relief from the administrative exhaustion requirement. Accordingly, his Title VII claim is barred.

Likewise, the district court properly granted summary judgment against Klaimon on his intentional and negligent infliction of emotional distress claims. Klaimon's complaint did not allege so egregious a course of conduct on the part of the defendant to satisfy Louisiana's strict standards for employment-related intentional infliction of emotional distress claims. See Booth v. Intertrans Corp., 1995 WL 324631, at *17 (E.D. La. May 26, 1995). Similarly, Klaimon has failed to demonstrate how his negligent infliction of emotional distress claim is not barred by Louisiana's workers' compensation scheme. See La. R.S. 23:1032.

Finally, Klaimon raises a number of challenges to the district court's discovery rulings and the outcome of the trial. We find that the district court did not abuse its discretion in making its discovery orders. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1441 (5th Cir. 1993). Klaimon's complaints about the jury verdict are largely unsupported by record evidence or legal

argument and accordingly are without merit.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.